**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CAROL GAYLOR,                                    )
an individual,                                   )
                                                 )
      Plaintiff,                                 )
                                                 )
vs.                                              )     **CASE NO.: 3:23-cv-1073**
                                                 )
BRIXMOR GA COBBLESTONE                           )
VILLAGE AT ST. AUGUSTINE, LLC,                   )
a Delaware Limited Liability Company,            )
                                                 )
BRIXMOR COBBLESTONE VILLAGE                      )
PARCEL LLC                                       )
a Delaware Limited Liability Company,            )
                                                 )
      Defendants.                                )
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

      Plaintiff, CAROL GAYLOR, by and through her undersigned counsel, hereby files this

Complaint and sues BRIXMOR GA COBBLESTONE VILLAGE AT ST. AUGUSTINE, LLC, a

Delaware Limited Liability Company and BRIXMOR COBBLESTONE VILLAGE PARCEL

LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees, and costs

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

      1.     This is an action for declaratory and injunctive relief pursuant to Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA").

This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3.      Plaintiff, CAROL GAYLOR, (hereinafter referred to as "Mrs. Gaylor") is a resident of the State of Florida in St. John's County.

4.      Plaintiff is a qualified individual with a disability under the ADA.  Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5.      Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[1]

6.      Defendant, BRIXMOR GA COBBLESTONE VILLAGE AT ST. AUGUSTINE, LLC, (hereinafter referred to as "Defendant") is a Delaware Limited Liability Company, registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: Cobblestone Village at St. Augustine, generally located at 200-340 CBL Dr., St. Augustine, FL 32086 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7.      Defendant, BRIXMOR COBBLESTONE VILLAGE PARCEL LLC, (hereinafter referred to as "Defendant") is a Delaware Limited Liability Company, registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: The Black Molly Grill located at an outparcel of the Cobblestone Village at St. Augustine, generally located at 504 W Geoffrey St, St.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

Augustine, FL 32086 (the "Property").    Defendant is responsible for complying with the obligations of the ADA

8.      All events giving rise to this lawsuit occurred in the Middle District of Florida, in St. John's County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10.     The Property owned by BRIXMOR GA COBBLESTONE VILLAGE AT ST. AUGUSTINE, LLC is a large shopping plaza which consists of dozens of stores and restaurants, is consequently a place of public accommodation subject to the ADA. The Property owned by BRIXMOR COBBLESTONE VILLAGE PARCEL LLC is an outparcel of the larger shopping plaza which consists of the stand-alone restaurant known as the Black Molly Grill, also a public accommodation subject to the ADA.  These properties are collectively referenced herein as the "Property" or the "Defendants' Properties" as they are both Brixmor owned entities.

11.     Plaintiff has regularly visited the Defendants' Properties discussed herein numerous times over the last year and plans to continue regularly visiting in the near future. The Defendants' Properties are located approximately just three (3) miles or a ten (10) minute car ride from Plaintiff's residence. Plaintiff most recently visited the Defendants' Properties in the middle of August, 2023.

12.     During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit the Defendants'

Properties more often because she enjoys the mix of stores located there and their convenient location very close to her residence.

13.     Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to the goods and services offered at the Property which is owned, leased, and/or operated by Defendants.

14.     Plaintiff desires to visit the Properties but fears that she will be subjected to the same architectural barriers which remain there in violation of the ADA.

15.     Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered/reduced her access:

    A.     Plaintiff personally encountered three (3) inaccessible parking spaces intended for disabled use at the Property due to excessive slopes within the parking spaces and their access aisles caused by built-up curb ramps which improperly protrude into the spaces near the Great Clips store. These conditions represented a dangerous tripping/slipping hazard for the Plaintiff as she attempted to transfer into and out of her vehicle.

    B.     Plaintiff personally encountered three (3) inaccessible parking spaces intended for disabled use at the Property due to excessive slopes within the parking spaces and their access aisles caused by built-up curb ramps which improperly protrude into the spaces near the Hibbett Sports store. These conditions represented a dangerous tripping/slipping hazard for the Plaintiff as she attempted to transfer into and out of her vehicle.

C.    Plaintiff personally encountered three (3) inaccessible parking spaces intended for disabled use at the Property due to excessive slopes within the parking spaces and their access aisles caused by built-up curb ramps which improperly protrude into the spaces near the Black Molly Grill. These conditions represented a dangerous tripping/slipping hazard for the Plaintiff as she attempted to transfer into and out of her vehicle.

D.    Plaintiff personally encountered numerous inaccessible curb ramps leading from the intended ADA parking spaces throughout the Properties to the nearby sidewalks due to excessive slopes.  Additionally, many of these curb ramps improperly protrude into the ADA parking spaces and their access aisles as noted above.  These conditions made it difficult and unsafe for Plaintiff to safely maneuver from the parking spaces to the sidewalks throughout the Defendants' Properties and presented a tripping/slipping hazard which increased her risk of a fall.

E.    Plaintiff personally encountered inaccessible sidewalk routes between the tenant stores at the Defendants' Properties due to excessive slopes.  These conditions made it difficult and unsafe for Plaintiff to safely maneuver throughout the Defendants' Properties and presented a tripping/slipping hazard which increased her risk of a fall.

16.    To date, these barriers and other violations of the ADA, which are readily achievable and/or structurally feasible to remediate, still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Independent of her intent to return as a patron because she enjoys the stores located there and its convenient location, Plaintiff additionally intends to return to the Defendants'

Properties as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Properties is readily achievable, structurally feasible, and/or easily accomplishable without placing an undue burden on Defendants.

18.    Removal of the barriers to access located on the Properties would allow Plaintiff to fully utilize the goods and services located therein.

19.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A.    That this Court declares that the Properties owned, leased, and/or operated by Defendants is in violation of the ADA;

B.    That this Court enter an Order directing Defendants to alter their Properties to make them accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C.    That this Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

6

      E.     That this Court awards such other and further relief as it deems necessary, just and proper.

Date: September 12, 2023

                Respectfully Submitted,

                KU & MUSSMAN, P.A.
                18501 Pines Blvd, Suite 209-A
                Pembroke Pines, Florida 33029
                Tel: (305) 891-1322
                Fax: (954) 686-3976
                Louis@kumussman.com

                By: */s/ Louis I. Mussman*
                Louis I. Mussman, Esq. (Lead Counsel)
                (FL Bar # 597155)
                Brian T. Ku, Esq.
                (FL Bar #: 610461)